UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RAFFAELOUS WHITE

VERSUS

LUKE RHEAMS

CIVIL ACTION

NO. 15-502-JJB-RLB

## RULING

This matter is before the Court on a Motion for Partial Summary Judgment (Doc. 12) brought by the defendant, Lieutenant Colonel Luke Rheams. The plaintiff, Raffaelous White, filed an opposition (Doc. 16). Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. For the reasons stated herein, the defendant's Motion for Partial Summary Judgment (Doc. 12) is **DENIED**.

**I.  BACKGROUND**

On October 13, 2014, an incident occurred at the Louisiana State Penitentiary ("LSP") between the plaintiff, an inmate confined at LSP, and the defendant, a Corrections Lieutenant. The parties dispute the facts surrounding this incident.

The plaintiff alleges the following facts.[1] During work call on October 13, 2014, the defendant ordered the plaintiff to stand by the gate with some other inmates. The plaintiff then overheard the defendant tell Captain Donovan Dupuy that the inmates standing by the gate were going to be written up. After the plaintiff asked why he was being written up, the defendant asked Capt. Dupuy for his handcuffs and ordered the plaintiff to put his hands behind his back. The plaintiff complied. At that time, Capt. Dupuy grabbed the plaintiff around the neck while the

---

[1] In support for these allegations, the plaintiff relies on the declarations of four inmates who witnessed the incident. *See Gibson Decl.*, Doc. 16-2; *Scott Decl.*, Doc. 16-3; *Baker Decl.*, Doc. 16-4; *Washington Decl.*, Doc. 16-5.

1

defendant handcuffed him. After the plaintiff was handcuffed, the defendant bent and broke the plaintiff's left pinky finger. During this incident, the plaintiff did not resist or fight.

The defendant disputes the plaintiff's assertion of the facts. According to the defendant, the plaintiff became loud and disruptive after the defendant informed him that he was receiving a disciplinary report for being late for work call. *Rheams Aff.* ¶ 3–5, Doc. 12-3. Additionally, the defendant claims that the plaintiff would not comply with his request for the plaintiff to put his hands behind his back, and that the plaintiff had to be restrained in order to bring him under control. *Id.* at ¶ 6–7. The defendant states that he grabbed the plaintiff's right bicep and his right wrist, but did not "bend, twist or break plaintiff's left pinky finger." *Id.* at ¶ 8–11.

The plaintiff filed a complaint under 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights, including excessive force, cruel and unusual punishment, and deliberate indifference. The plaintiff also alleged state law negligence and, in the alternative, intentional infliction of emotional distress. The defendant brought the instant motion for partial summary judgment on the plaintiff's claims.

## II.   SUMMARY JUDGMENT STANDARD

If a party moves to dismiss for failure to state a claim, and "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).[2]

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's

---

[2] Although the defendant brought this motion as a "motion for partial summary judgment," the motion itself argues that the plaintiff has failed to state a claim for which relief can be granted. The Court construes this motion as one for summary judgment.

2

case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the burden at trial rests on the non-moving party, the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Id.* The moving party may do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1).

Although the Court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139–40 (5th Cir. 1996). Similarly, "[u]nsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991). If, once the non-moving party has been given the opportunity to raise a genuine fact issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party. *Celotex*, 477 U.S. at 322–23.

### III. DISCUSSION

The defendant sets forth the following arguments: (1) the defendant is entitled to Eleventh Amendment immunity on the plaintiff's § 1983 claims;[3] (2) the defendant is entitled to qualified immunity on the plaintiff's § 1983 claims;[4] and (3) the defendant is entitled to Eleventh Amendment immunity on the plaintiff's state law claims.[5] The plaintiff concedes that he has not

---

[3] *Def.'s Supp. Mem.* 2–3, Doc. 12-1.
[4] *Id.* at 4–7.
[5] *Id.* at 8.

alleged any official capacity claims against the defendant, and thus, the Eleventh Amendment does not apply to bar suit.[6] *Pl.'s Opp'n* 1–3, Doc. 16; *see Compl.*, Doc. 1. Therefore, the only remaining issue for this ruling is whether the defendant is entitled to qualified immunity.

To determine whether a defendant is entitled to summary judgment on the basis of qualified immunity, the court applies a two-step analysis: (1) When viewing the summary judgment evidence in the light most favorable to the plaintiff, did the defendant violate the plaintiff's constitutional rights?; and (2) If so, were the defendant's actions objectively unreasonable in light of clearly established law at the time of the conduct in question? *Freeman v. Gore*, 483 F.3d 404, 410 (5th Cir. 2007) (citations omitted); *see Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 419 (5th Cir. 2008) ("In the summary judgment context, a government official need only plead qualified immunity, which then shifts the burden to the plaintiff."). If the court reaches the second inquiry, "the court applies an objective standard based on the viewpoint of a reasonable official in light of the information then available to the defendant and the law that was clearly established at the time of the defendant's actions." *Id.*

In this case, the competent summary judgment evidence includes the defendant's affidavit, the declarations of four inmates, and the plaintiff's medical records.[7] The court does not weigh the evidence or make credibility determinations at this stage; the four declarations submitted by the

---

[6] The Eleventh Amendment bars an individual from suing a state, or a state agency, in federal court unless Congress clearly and validly abrogates the state's sovereign immunity or the state consents to suit. *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). Under § 1983, a suit against an official in their official capacity is deemed a suit against the state itself. *Kentucky v. Graham*, 473 U.S. 159 (1985).

[7] The defendant also relied on a Disciplinary Report and Unusual Occurrence Report to support his motion. *See LSP Reports*, Doc. 12-4. Both of these reports were prepared by the defendant and set forth his description of the incident. *Id.* "Disciplinary reports prepared by security officers are out-of-court statements and, to the extent that they are offered for the truth of the matters asserted therein, constitute hearsay evidence under Rule 801(c) of the Federal Rules of Evidence." *Abbott v. Babin*, No. CIV.A. 12-631-JJB-SCR, 2014 WL 173742, at *2–3 (M.D. La. Jan. 13, 2014) (citations omitted). Additionally, the exception found in Rule 803(8)(c) does not apply to "disciplinary reports prepared by prison security officers who are named as defendants in litigation . . . because they are self-serving and are inherently untrustworthy." *Id.* Consistent with this Court's prior rulings, the reports at issue here are inadmissible hearsay.

plaintiff and the defendant's affidavit are weighed the same. For that reason, the summary judgment evidence establishes two contradictory stories as to the October 13, 2014 incident. Therefore, when viewing the evidence in the light most favorable to the plaintiff, the plaintiff has established that the defendant is not entitled to qualified immunity at this time. First, the facts demonstrate a genuine issue of material fact about whether the defendant broke the plaintiff's pinky, which if true, violates the plaintiff's constitutional rights. Second, if true, these actions would be objectively unreasonable in light of the clearly established Eighth Amendment law. Thus, summary judgment is not appropriate on the defendant's claim of qualified immunity.

### IV. CONCLUSION

For the reasons stated above, the defendant's Motion for Partial Summary Judgment (Doc. 12) is **DENIED.**

Signed in Baton Rouge, Louisiana, on February 22, 2016.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**